IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

THOMAS A. MORGAN,

    Petitioner,

v.

DANA METZGER, Warden, and
ATTORNEY GENERAL OF THE STATE
OF DELAWARE,

    Respondents.

Civ. A. No. 17-980-CFC

Thomas A. Morgan. *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

## MEMORANDUM OPINION[1]

February 28, 2019
Wilmington, Delaware

---

[1] This case was originally assigned to the Honorable Gregory M. Sleet, and was re-assigned to the undersigned's docket on September 20, 2018.

CONNOLLY, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Petitioner Thomas A. Morgan's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed a Motion for Leave to File a Motion to Dismiss (D.I. 15) simultaneously with the Motion to Dismiss. (D.I. 15-1) For the reasons discussed, the Court will grant the State's Motion for Leave to File a Motion to Dismiss as well as the Motion to Dismiss, and deny the Petition.

## I. FACTUAL BACKGROUND

In 1993, a Delaware Superior Court jury found Petitioner Thomas A. Morgan ("Petitioner") guilty of two counts of first degree unlawful sexual intercourse and one count each of second degree unlawful sexual contact and second degree kidnapping. (D.I. 15 at 1) The Superior Court sentenced Petitioner to a total of thirty-six years at Level V, suspended after thirty-two years for decreasing levels of supervision. *See Morgan v. State*, 116 A.3d 1244 (Table), 2015 WL 4066768, at *1 (Del. July 1, 2015). The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See Morgan v. State*, 645 A.2d 569 (Table), 1994 WL 202272, at *1 (Del. May 5, 1994).

In May 1995, Petitioner filed a federal habeas corpus petition challenging his 1993 convictions. (D.I. 15-2 at 2) The Honorable Joseph J. Longobardi denied the Petition in January 1996 after determining that the claims raised therein were meritless or procedurally barred. (D.I. 15-2 at 1-10) Petitioner did not appeal that decision.

After the 1996 dismissal of his first habeas petition, Petitioner filed in the Delaware state courts at least seven motions for postconviction relief pursuant to

Delaware Superior Court Criminal Rule 61 ("Rule 61 motions"), five motions to modify his sentence, two petitions for a writ of mandamus, and a motion to release evidence. (D.I. 15-1 at 2) The Superior Court denied those motions/petitions, and the Delaware Supreme Court affirmed the decisions which Petitioner appealed. (D.I. 15-1 at 2-3)

In December 2006, Petitioner filed an application in the Court of Appeals for the Third Circuit requesting authorization to file a second or successive habeas application. See In re: Morgan, C.A. No. 06-5157. The Third Circuit denied the application because Petitioner failed to satisfy the requirements for such authorization under 28 U.S.C. § 2244. See In re: Morgan, C.A. No. 06-5157, Order (3d Cir. Mar. 1, 2007); Morgan, 07mc40-UNA (D. Del. Mar. 1, 2007).

Presently pending before the Court is Petitioner's new Petition for habeas corpus relief ("Petition"). (D.I. 1) The State filed a Motion for Leave to File a Motion to Dismiss, along with the Motion to Dismiss. (D.I. 15; D.I. 15-1)

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." Woodford v. Garceau, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations of state law issues. See Mullaney

2

*v. Wilbur*, 421 U.S. 684, 691 (1975) ("[s]tate courts are the ultimate expositors of state law"); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that claims based on errors of state law are not cognizable on habeas review). Additionally, AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### B. Second or Successive Habeas Petitions

Pursuant to 28 U.S.C. § 2244(b), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

### III. DISCUSSION

Petitioner appears to assert two grounds for relief. First, Petitioner contends that the Department of Correction's ("DOC") meritorious good time credit policies and practices constitute an unconstitutional delegation of power in violation of Article II, Section 1 of the Delaware Constitution. (D.I. 1-1 at 18-23; D.I. 14-2 at 14) Second,

3

Petitioner contends that the DOC improperly refused to award him 327 days of earned good time credits because it used its own "secret" good time credit policy to calculate the credit he earned from 1993 through 2006, and that the Superior Court failed to review the DOC's good time analysis under the applicable Delaware law – 11 Del. C. § 4381. (D.I. 1 at 1; D.I. 1-1 at 18; D.I. 14-3 at 4) More specifically, he asserts that the "DOC records department [] determined that [he] had earned 933 days, [but] the DOC [] has their own way of policing good time and said that [he] had earned 606 days, [resulting in a] difference of 327 days." (D.I. 1 at 1)

Petitioner presented these arguments to the Superior Court in a petition for writ of mandamus. (D.I. 1-1 at 22) The Superior Court denied Petitioner's argument that his good time credit had been incorrectly computed after determining that the DOC's analysis complied with DOC policies and statutory provisions in effect from 1993 to 2006 and the statutory "caps" on meritorious credits under § 4381. The Delaware Supreme Court affirmed that decision, and also held that "Section 4381 does not unlawfully delegate legislative power to the Commissioner because the statute establishes adequate standards for the administration of the award of good time." *Morgan*, 2015 WL 4066768, at *1.

In this proceeding, the State asserts that the Court should dismiss the Petition for two reasons. First, it contends that the Court lacks jurisdiction to review the Petition because it constitutes an unauthorized second or successive habeas request. The Court is not persuaded. Since the instant Petition challenges the administration of Petitioner's sentence through 2006 (and, if liberally construed, through 2017), he could

4

not have presented the instant good time credit argument in his 1995 habeas petition. See *Benchoff*, 404 F.3d at 817 ("[A] subsequent petition that challenges the administration of a sentence is clearly *not* a 'second or successive' petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition."). Therefore, the Court will not dismiss the Petition for lack of jurisdiction on this ground.

However, the State also contends that the Petition should be dismissed because it only asserts errors of Delaware state law that are not cognizable on federal habeas review. The Court concurs with this assessment.[2] Distilled to its core, Petitioner's instant arguments assert that the DOC used an incorrect formula to calculate his good time credits and he challenges the Superior Court and Delaware Supreme Court's interpretation of state law in denying his "improper delegation of legislative power" argument. In other words, Petitioner asserts errors of state law that are not cognizable on federal habeas review. For this reason, the Court will grant the State's Motion for

---

[2]The Court typically only entertains Motions to Dismiss when the request for dismissal is based upon the untimeliness of the petition or when the petition constitutes an unauthorized second or successive habeas request. Here, the State has mistakenly characterized the instant Petition as an unauthorized second or successive habeas request, but it has correctly surmised that the Claims in the Petition assert state law errors that are not cognizable on federal habeas review. The instant Motion to Dismiss provides a thorough reason for the State's determination that Petitioner's Claims for relief are not cognizable. As such, it would be redundant to require the State to file a new document titled as an Answer that presumably would re-state the arguments in the Motion to Dismiss. Thus, the Court will entertain the cognizability argument in the Motion to Dismiss, but only for this case. In other words, the State is not to make a practice of filing Motions to Dismiss in lieu of Answers.

Leave to File a Motion to Dismiss, as well as its Motion to Dismiss, and deny the Petition.

Additionally, even though Petitioner does not explicitly allege in this proceeding that the DOC's refusal to apply 327 good time credits to his sentence amounted to a violation of his Due Process rights, the exhibits he attached to the Petition demonstrate that he presented this Due Process claim to the Delaware state courts in his mandamus proceeding. (D.I. 1-1 at 97) Exercising prudence, the Court liberally construes those exhibits as demonstrating Petitioner's intent to assert a Due Process argument here. Since neither the Superior Court nor the Delaware Supreme Court addressed Petitioner's Due Process argument, the Court will apply the pre-AEDPA standard and review the claim *de novo*.[3] See *Holloway v. Horn*, 355 F.3d 707, 718-19 (3d Cir. 2004). Nevertheless, for the following reasons, Petitioner's argument that the Delaware state courts violated his Due Process rights by improperly calculating his good time credits and failing to award him the 327 days of good time credits he believes he is due is unavailing.[4]

The Due Process Clause of the Fourteenth Amendment protects certain fundamental rights. See *White v. Napoleon*, 897 F.2d 103, 111 (3d Cir. 1990). The first

---

[3] *De novo* review means that the Court "must exercise its independent judgment when deciding both questions of constitutional law and mixed constitutional questions." *Williams v. Taylor*, 529 U.S. 362, 400 (2000) (Justice O'Connor concurring).

[4] The Court cannot review Petitioner's "improper delegation of legislative power" argument because he presented it to the Delaware state courts and to this Court only as a violation of Delaware constitutional law.

step in analyzing if a prisoner's Due Process rights have been violated is determining if the prisoner has been deprived of an existing liberty or property interest. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty', or it may arise from an expectation or interest created by state laws or policies."[5] *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). If the prisoner has been deprived of a liberty interest, then the Court must engage in a further inquiry to determine if the procedures followed by the State were constitutionally sufficient. *See Swarthout*, 562 U.S. at 219.

Notably, "the Constitution itself does not guarantee good time credit for satisfactory behavior while in prison." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see Shockley v. Hosterman*, 2007 WL 1810480, at *3 (D. Del. June 22, 2007). Rather, a state prisoner will only have a constitutionally protected interest in good time credit if a state statute creates a right to such credit. *See Wolff*, 418 U.S. at 556-57. When a state prisoner is statutorily entitled to good time credits, he possesses a liberty interest in a reduced sentence under the Due Process Clause, and those credits cannot be

---

[5]Although the Due Process Clause of the Constitution protects certain liberty interests created under state law, including state laws governing the method for calculating the credit an inmate has earned toward release, federal law does not dictate any specific methodology for calculating sentencing credit for state prisoners. *See, e.g., Sup't, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (holding that inmates cannot be deprived of "good time credits" without at least minimal due process because state statutes created a liberty interest in such credits). Consequently, the role of the federal courts is limited to the enforcement of due process rights created by state law. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

revoked arbitrarily or without minimum procedural guarantees. *Id.* Notably, while "inmates have a liberty interest in good time credit they have already earned [that were subsequently stripped away], no such interest has been recognized in the opportunity to earn good time credit where [] prison officials have discretion to determine whether an inmate or class of inmates is eligible to earn good time credit." *Abed v. Armstrong*, 209 F.3d 63, 66-67 (2d Cir. 2000).

In Delaware,

> [w]hether "good time" may be earned for participation in rehabilitation programs is governed by 11 *Del. C.* § 4381(c), which provides that "good time" may be awarded for satisfactory participation in approved rehabilitation programs, as designated by the Commissioner. "Good time" does not exist as a matter of constitutional right. It is strictly governed by statute, and while the DOC has limited discretion in calculating good time credits and must follow the applicable statutes, 11 *Del. C.* § 4381 grants the Commissioner discretion to designate which rehabilitation programs will justify the awarding of such credits.

*Harris v. Dep't of Corr.*, 1999 WL 1611326, at *1 (Del. Super. Ct. Mar. 26, 1999). When Delaware's General Assembly originally enacted § 4381 as part of the Truth in Sentencing Act of 1989 ("TIS"), it established very specific rules for the calculation of "statutory" good time (based on good behavior) and "meritorious" good time (based on participation in education/rehabilitation and work programs designated by the Commissioner).[6] (D.I. 14-2 at 10); *see also* 67 *Del. Laws*, ch. 130, § 5 (1989). From its enactment in 1989 until it was amended in 2008, § 4381 contained two sets of rules for the accrual of meritorious good time, such that inmates could earn, at most, up to 4.5

---

[6]"Statutory" good time is not at issue in this case.

8

days of meritorious good time per month (up to 2 days per month for satisfactory participation in approved education or rehabilitation programs and up to 2.5 days per month for participation in work programs).[7] (D.I. 14-2 at 10)

As previously explained, in Petitioner's mandamus appeal, the Delaware Supreme Court held that the Superior Court properly denied Petitioner's mandamus request that he be credited with additional good time credits he earned from 1993-2006 because the DOC complied with the "rules and regulations adopted by the Commissioner of Corrections" when it determined that only a portion of Petitioner's earned good time credits could be applied to reduce his sentence. *See Morgan*, 2015 WL 4066768, at *1. After reviewing the record, the Court concludes that the Delaware Supreme Court did not unreasonably determine the facts in finding that Petitioner had been awarded all of the good time credit to which he had a right. For instance, during Petitioner's mandamus proceeding, Petitioner provided paperwork explaining why he believed he was entitled to have more good time credits applied to his sentence, and the State provided "a detailed spreadsheet and explanation of the audit process used to determine [Petitioner's] credit time." *Morgan*, 2015 WL 4066768, at *1. The DOC reviewed Petitioner's paperwork in conjunction with its own records, determined that

---

[7]In 2008, the General Assembly merged subsections 4381(c) and (d) into a single meritorious good time provision. *See* 76 *Del. Laws*, ch. 351, § 1-3. As amended and restated, § 4381(c) provides that good time may be awarded at a rate of up to 5 days per month for satisfactory participation in approved education, rehabilitation, work or other programs approved by the Commissioner. *See* 76 *Del. Laws*, ch. 351, § 2. In 2008, DOC's practices and policies changed to account for the 2008 amendments to § 4381. (D.I. 14-2 at 11 n. 3)

Petitioner was entitled to have an additional sixty-eight days of credit time deducted from his sentence, and actually adjusted his projected release date to February 27, 2020. (D.I. 14-14 at 1) As the State explained to the Superior Court,

> [a]fter a comprehensive audit and extensive reconciliation efforts (detailed in the Affidavit and attached spreadsheet), the DOC has concluded that [Petitioner] is entitled to some, but not all, of the credits asserted in the mandamus action. Specifically, the DOC has determined that [Petitioner] validly documented 120 additional meritorious good time credits, 68 of which are eligible for application to [Petitioner's] release date.

(D.I. 14-14 at 1) However, the State also explained that the "amount of credits eligible for application to [Petitioner's] release date [is] [] significantly less than the total amount of credits earned (due to limitations imposed by the DOC's meritorious credit policy)." (D.I. 14-14 at 1-2)

In short, Petitioner earned more good time credits than he was legally entitled to have deducted from his sentence under the applicable rules and regulations.[8] Since Petitioner "received the credits to which he is entitled for the purpose for which he is entitled, he has not been denied credits in which he has a constitutionally protected liberty interest." *Waddell v. Dep't of Corr.*, 680 F.3d 384, 395 (4th Cir. 2012). Accordingly, the Court concludes that Petitioner's Due Process argument does not warrant relief.

---

[8]Petitioner is not the only prisoner who has earned more good time credits than could be applied to reduce his sentence. *See, e.g., Jones v. Dep't of Corr. Cent. Offender Records*, 2017 WL 8944218, at *2 (Del. Super. Ct. Jan. 29, 2017) (although Jones earned 185 meritorious credits, only 130 of those days could apply as credit to his sentence).

## IV. MOTIONS

Petitioner filed two Motions to Appoint Counsel (D.I. 7; D.I. 13) during the pendency of this proceeding. Having already concluded that the instant Petition does not warrant relief, the Court will deny these two Motions as moot.

## V. CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability may be issued only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, the Court concludes that Petitioner's habeas Petition must be denied. Reasonable jurists would not find this Court's assessment of Petitioner's constitutional claims to be debatable or wrong. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For the foregoing reasons, the Court will grant the State's Motion for Leave to File a Motion to Dismiss and its Motion to Dismiss. As such, the Court will also deny the instant Petition. An appropriate Order will be entered.